THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONALD KLAUB, Defendant-Appellant.

Third District   No. 3—84—0354

Opinion filed February 5, 1985.

Michael E. Brandt, of Peoria, for appellant.

Bruce W. Black, State's Attorney, of Pekin (John X. Breslin and Peter M. Tumminaro, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Ronald Klaub, appeals from his conviction for driving while license revoked. (Ill. Rev. Stat. 1983, ch. 95½, par. 6—303.) The sole issue on appeal is whether, under the Illinois Vehicle Code (the Code) (Ill. Rev. Stat. 1983, ch. 95½, par. 1—100 *et seq.*), the

defendant, at the time of his arrest, was legally operating a motor vehicle in Illinois. We have in this case no disagreement over the facts. Rather, this is a case which turns solely on statutory construction.

In January 1974, the defendant was a resident of Illinois. In that month, the defendant's Illinois driver's license was revoked following his conviction for operating a motor vehicle while under the influence of drugs. Under that revocation, as later extended, the defendant was not eligible until May 1983 to be reissued an Illinois driver's license. Sometime around September 1976, the defendant moved from Illinois to Indiana. While he was a resident of Indiana the defendant obtained and maintained an Indiana driver's license. In September 1983, the defendant moved from Indiana back to Illinois.

On November 11, 1983, the defendant was operating a motor vehicle in Illinois when he was issued a Uniform Traffic Citation for the instant offense. At the time of his arrest, the defendant did not have a valid Illinois driver's license. The defendant did possess an Indiana driver's license. The State has presented no challenge to the defendant's representation that his Indiana driver's license was then valid. We, therefore, presume that license was valid.

Section 6—303(a) of the Code defines the offense of which the defendant was convicted. That section provides, in relevant part, that a person is guilty of driving while his license to drive is revoked if he operates a motor vehicle on an Illinois highway when his license, or the privilege to obtain a license or permit, is revoked as provided by the Code. (Ill. Rev. Stat. 1983, ch. 95½, par. 6—303(a).) The trial court found that the defendant's Illinois driver's license was revoked at the time of the instant arrest.

The defendant argues that at the time of his arrest he was driving lawfully in Illinois, as he then possessed a valid foreign license which was entitled to recognition under the Code. In order to review the defendant's argument, we set out the several statutes relevant to the defendant's argument.

Section 6—102 of the Code provides, in relevant part, that:

"7. A nonresident who becomes a resident of this State, may for a period of the first 90 days of residence in Illinois operate any motor vehicle which he was qualified or licensed to drive by his home state or country so long as he has in his possession, a valid and current license issued to him by his home state or country." Ill. Rev. Stat. 1983, ch. 95½, par. 6—102(7).

The defendant acknowledges that section 6—210 of the Code also applies to the instant case. Section 6—210 provides, in relevant part, that after any resident's or nonresident's license to operate a motor

vehicle in Illinois is revoked under the Code, he shall not operate a motor vehicle in Illinois until he obtains a license as permitted under the Code. Ill. Rev. Stat. 1983, ch. 95½, par. 6—210(1).

Also pertinent here are the provisions of the Driver License Compact (the Compact) (Ill. Rev. Stat. 1983, ch. 95½, par. 6—700 *et seq.*). The Compact, to which both Illinois and Indiana are party States, is incorporated as part of the Code. (Ill. Rev. Stat. 1983, ch. 95½, pars. 1—100, 1—117.) It has the stated purposes of promoting compliance with motor vehicle operation regulations and making more equitable the reciprocal recognition of licenses to drive and eligibility therefor. Ill. Rev. Stat. 1983, ch. 95½, par. 6—701(b).

The Compact also includes specific licensing provisions relevant to the defendant's argument. Under the Compact, upon receipt of an application for a license to drive, a party State will ascertain whether the applicant ever held a driver's license from another party State. (Ill. Rev. Stat. 1983, ch. 95½, par. 6—704.) A party State may not grant an application of a person who has a party State's license currently revoked for a violation, unless it is one year after the revocation and the application is permitted by law. Further, the Compact specifically empowers a party State's licensing authority to investigate and then to deny, on the grounds of safety, a license to such an applicant. Ill. Rev. Stat. 1983, ch. 95½, par. 6—704(2).

The defendant asserts that to decide this case we must read together sections 6—102(7) and 6—210 of the Code and provisions of the Driver License Compact. He further asserts that we must resolve in his favor any ambiguity or apparent inconsistency in relevant statutes. According to the defendant's argument, he was issued a valid driver's license by Indiana. Because both Illinois and Indiana are party States to the Compact, the defendant argues, Illinois must recognize his valid Indiana license under the 90-day grace period of section 6—102(7). Thus, the defendant concludes, at the time of his arrest he was legally operating a motor vehicle in Illinois notwithstanding the prior revocation of his Illinois driving privileges.

The State disagrees that the defendant in the instant case was covered by the grace period of section 6—102(7). The State argues, rather, that the grace period does not apply to a person whose Illinois driving privileges have been revoked and not restored pursuant to section 6—208 of the Code. (Ill. Rev. Stat. 1983, ch. 95½, par. 6—208.) Under section 6—208, the Secretary of State shall not issue a driver's license to a person whose license was revoked unless that person applies for a license and, thus, discloses his revocation history. Section 6—208 provides that such a person may apply for relicensing

after the cause for revocation is removed. He also may apply after expiration of one year from the date of revocation and upon payment of a special reinstatement fee. The section further provides that the Secretary shall not issue such an applicant a license except if the Secretary is satisfied, following an investigation, that to grant the applicant a driver's license will not endanger the public safety or welfare. Ill. Rev. Stat. 1983, ch. 95½, par. 6—208. See also Ill. Rev. Stat. 1983, ch. 95½, pars. 6—103(3), 6—118(g).

To decide this case, we must reconcile these statutes. On the one hand, we consider section 6—303 of the Code, which prohibits driving in Illinois by a person whose Illinois driver's license is revoked, and section 6—208, which reflects the continuing nature of the revocation sanction and sets requirements for relicensing in Illinois. On the other hand, we consider the provisions of the Driver License Compact and the grace period of section 6—102(7), both of which support Illinois' recognition of foreign licenses to drive.

▮▮ To reconcile the statutes here we first consider whether the defendant was prohibited by section 6—210 from driving in Illinois. After the defendant's Illinois license was revoked, section 6—210 of the Code prohibited the defendant from driving in Illinois "until a license is obtained when and as permitted under [the Code]." (Ill. Rev. Stat. 1983, ch. 95½, par. 6—210.) However, the Driver License Compact is part of the Code. Therefore, when the defendant was issued a valid Indiana license he was issued a license satisfying the requirement of section 6—210.

Secondly, we consider the Code's objective of ensuring that only qualified and safe drivers be entitled to operate motor vehicles on Illinois highways. We find, in that regard, that the Compact provides essentially the same safeguards for issuance of a license to a driver who has had his license revoked as are found in the comparable Illinois procedures under section 6—208 of the Code. Consequently, we find that in this case the Code's safety objective is met through reliance on the Compact, as incorporated by the Code.

Lastly, we note that we construe penal statutes strictly in favor of an accused. *People v. Isaacs* (1967), 37 Ill. 2d 205, 226 N.E.2d 38.

▮▮ Ultimately, then, we conclude that here the relicensing requirements of section 6—208 are subordinate to the comparable relicensing provisions of the Compact. Because the defendant possessed a valid license from a party State to the Compact, as a new Illinois resident he was entitled to the benefit of the section 6—102(7) grace period. Therefore, at the time of his arrest the defendant was driving lawfully in Illinois.

Accordingly, the judgment of the circuit court of Tazewell County is hereby reversed.

Reversed.

HEIPLE and SCOTT, JJ., concur.