THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
DENNIS HUTSON, Defendant-Appellee.

Third District   No. 3—88—0171

Opinion filed January 18, 1989.

Samuel Naylor VI, State's Attorney, of Carthage (Gary F. Gnidovec, of
State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

John R. Glidden and Stanley L. Tucker, both of Hartzell, Glidden,
Tucker, Neff & O'Neal, of Carthage, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The State appeals from the trial court's dismissal of the charge
that the defendant, Dennis Hutson, drove while his license was re-
voked or suspended (Ill. Rev. Stat. 1985, ch. 95½, par. 6—303(a)). We
affirm.

In April of 1973, the defendant had his Illinois driver's license revoked by the Illinois Secretary of State (Ill. Rev. Stat. 1973, ch. 95½, par. 6—205(a)(2)). Thereafter, the defendant moved to Iowa, which the parties agree is a member State under the Driver's License Compact (Ill. Rev. Stat. 1985, ch. 95½, pars. 6—700 through 6—708). In February of 1979, the defendant obtained an Iowa driver's license. His Iowa license expired in January of 1983.

In 1984, the defendant moved back to Illinois. He did not obtain an Illinois driver's license. In December of 1987, the defendant was arrested while driving in Illinois. He was issued the instant citation for driving while his license was revoked. The defendant moved to dismiss the charge, referring to the Iowa driver's license which he had acquired after his Illinois suspension. The court granted the defendant's motion to dismiss and this appeal followed.

On appeal, the State argues that the court erred in dismissing the charge because at the time of the defendant's arrest, the revocation of his Illinois driving privileges was still in effect.

In the State's view, a valid license issued by a member State of the Driver's License Compact (Compact) merely provides a limited, and perhaps temporary, exception to the Illinois Vehicle Code's section 6—210 (Ill. Rev. Stat. 1985, ch. 95½, par. 6—210) prohibition against a person's operating a motor vehicle in Illinois when his Illinois license has been suspended or revoked. According to the State, although the defendant was covered under that exception while his Iowa license was valid, his exception expired when his Iowa license expired; the issuance of the Iowa driver's license did not remove or rescind the revoked status of the defendant's Illinois driver's license entered in 1973.

In the defendant's view, when a Compact State issues a driver's license to a suspended or revoked Illinois driver, the Illinois suspension or revocation is ended. The defendant correctly suggests that an Illinois suspension or revocation is ended when Illinois properly issues a license to a driver revoked in Illinois. According to the defendant, there is no reason to find that a license properly issued by a foreign State under the Compact has a different effect. We agree with the defendant.

■ The Vehicle Code does not explicitly provide for the termination of an Illinois suspension or revocation, except by relicensing procedures followed in Illinois. (Ill. Rev. Stat. 1985, ch. 95½, par. 6—208.) However, the Compact provides for a foreign State to relicense a revoked Illinois driver and that provision is essentially parallel to the Vehicle Code's section 6—208 provision for Illinois to relicense

such a driver. Ill. Rev. Stat. 1985, ch. 95½, pars. 6—704(2), 6—208(b).

Reciprocity among Compact member States is a policy underlying the Compact, as enacted in the Vehicle Code. (Ill. Rev. Stat. 1985, ch. 95½, par. 6—701.) Furthermore, the Vehicle Code explicitly provides that a foreign State's decision to license a driver revoked in Illinois can supersede an Illinois revocation. Ill. Rev. Stat. 1985, ch. 95½, par. 6—210; *People v. Klaub* (1985), 130 Ill. App. 3d 704, 474 N.E.2d 851.

We find that the proper issuance of a foreign license under the Compact terminates an Illinois revocation in the same way that issuance of an Illinois license under section 6—208 of the Vehicle Code terminates an Illinois revocation. To find otherwise would arbitrarily assign an inferior position to persons relicensed in a foreign Compact State. It also would undervalue Illinois' commitment to reciprocity under the Compact. We find no legislative preference for those results.

Based on the foregoing, we affirm the judgment of the circuit court of Hancock County.

Affirmed.

STOUDER, P.J., and HEIPLE, J., concur.