787 P.2d 1094

**The STATE of Arizona, Appellee,**

v.

**Robert Joseph WILKINSON, Appellant.**

**No. 2 CA–CR 89–0298.**

Court of Appeals of Arizona, Division 2, Department A.

Oct. 31, 1989.

Reconsideration Granted and Opinion Corrected Dec. 13, 1989.

Review Denied March 20, 1990.

Robert K. Corbin, Atty. Gen. by Eric J. Olsson, Tucson, for appellee.

Robert Arentz, Cochise County Public Defender by James L. Conlogue, Bisbee, for appellant.

## OPINION

ROLL, Presiding Judge.

Robert Joseph Wilkinson appeals from his conviction for driving while intoxicated (DUI) on a suspended license, a class 5 felony, arguing that his conviction cannot be sustained because at the time of the DUI offense, he possessed a valid Idaho driver's license. We disagree and affirm.

## FACTS

Appellant was a resident of Arizona until September of 1987, when he moved to Idaho. His Arizona driver's license was suspended effective December 7, 1987 due to

his failure to appear in Tucson City Court. A second suspension was ordered effective from May 23, 1988 to December 12, 1988 as a result of appellant's failure to complete traffic survival school. Appellant's Arizona license expired June 4, 1988. On September 8, 1988, appellant obtained an Idaho driver's license. In response to the question on the license application whether he had ever had his license suspended, revoked, denied, cancelled or refused, appellant answered "no." The instant offense occurred on November 30, 1988.[1] At the time Wilkinson was arrested, he admitted that he knew his Arizona license was suspended.

Wilkinson was indicted for DUI on a suspended license. Prior to trial, appellant moved to preclude the state from admitting evidence of the Arizona suspension and to admit evidence that he had obtained a valid Idaho license. The trial court denied the motion on the ground that the issue for the jury to resolve was whether appellant was driving on a suspended Arizona license, and that the fact that Idaho had issued him a license subsequent to the suspension was irrelevant.

## ISSUE ON APPEAL

The sole issue on appeal is whether the fact that Wilkinson was issued an Idaho driver's license while his Arizona license was suspended is a defense to a subsequent charge of DUI on a suspended license in Arizona.

## DISCUSSION

A.R.S. § 28–450 provides:

A resident or nonresident whose operator's or chauffeur's license or right or privilege to operate a motor vehicle in this state has been suspended or revoked as provided by this chapter shall not operate a motor vehicle in this state under a license, permit or registration certificate issued by any other jurisdiction, or otherwise during the suspension or after the revocation until a new license is obtained when and as permitted under this chapter.

This statute clearly supersedes the privilege to drive in this state conferred by A.R.S. § 28–412(A)(3) upon nonresidents who possess a valid license issued by another state.

Appellant argues that this statute conflicts with the provisions of the Driver License Compact, A.R.S. §§ 28–1601, *et seq.,* unless it is construed to mean that obtaining a valid license in another Compact state serves to terminate the Arizona suspension, citing *People v. Hutson,* 178 Ill. App.3d 836, 128 Ill.Dec. 40, 533 N.E.2d 1128 (1989), and *People v. Klaub,* 130 Ill. App.3d 704, 85 Ill.Dec. 891, 474 N.E.2d 851 (1985). The pertinent provisions of the Compact are as follows:

## ARTICLE V

### Applications for New Licenses

Upon application for a license to drive, the licensing authority in a party state shall ascertain whether the applicant has ever held, or is the holder of a license to drive issued by any other party state. *The licensing authority in the state where application is made shall not issue a license to drive to the applicant if:*

*(1) The applicant has held such a license, but the same has been suspended by reason, in whole or in part, of a violation and if such suspension period has not terminated.*

---

1. No argument was made below nor evidence presented that appellant had not in fact changed his residence to Idaho, or that he had at the time of the offense resumed residency in Arizona. The state argues that appellant did not qualify for the non-resident exemption because he did not have the Idaho driver's license in his "immediate possession" as required by Sec. 28–412(A)(3). We believe, however, that the consequence of not having the license in his immediate possession would not be loss of the non-resident exemption, but rather a requirement that he produce a legible license or authorized duplicate issued to him and valid at the time of the alleged violation. A.R.S. Sec. 28–423. Appellant was not permitted to present evidence that his wallet, containing his license, had been stolen. For purposes of this opinion, we will assume that he could have produced an authorized duplicate of his Idaho license.

(2) The applicant has held such a license, but the same has been revoked by reason, in whole or in part, of a violation and if such revocation has not terminated, except that after the expiration of one year from the date the license was revoked, such person may make application for a new license if permitted by law. The licensing authority may refuse to issue a license to any such applicant if, after investigation, the licensing authority determines that it will not be safe to grant to such person the privilege of driving a motor vehicle on the public highways. (Emphasis added.)

In both *Hutson* and *Klaub*, the defendants' Illinois licenses had been revoked, the defendants had moved to other Compact states, and each had been issued a license by that state more than one year after the Illinois revocation. Each had then returned to Illinois and was arrested on charges of driving on a revoked license under a statute similar to A.R.S. § 28–450. Noting the reciprocity purposes of the Driver License Compact, the Illinois appellate courts held that the Compact provisions pertaining to issuance of new licenses following revocation in another state took precedence and that the issuance of a valid license by another Compact state had the effect of terminating the Illinois revocation.

In the present case, we deal not with a revocation but rather a suspension. Under the Compact, suspensions are treated differently than revocations. A new license is not to be issued by another state if the suspension has not terminated. Unlike the provisions pertaining to revoked licenses, the Compact does not authorize the issuance of a new license following a specific period of time. Since appellant's second suspension had not terminated at the time the Idaho license was issued, the license was not issued in compliance with the Compact.[2] Thus, unlike the situation in *Hutson* and *Klaub*, the policy of reciprocity underlying the Compact is not furthered but rather defeated by recognition of the Idaho license as a bar to prosecution and refusal to apply § 28–450.[3]

Appellant also relies on the decision of Division One of this court in *State v. Johnston*, 152 Ariz. 273, 731 P.2d 638 (App. 1987). There, Johnston was charged with DUI in Arizona while his license was suspended. Johnston's Colorado driver's license had been revoked but he held a Montana driver's license. Although the decision is not entirely clear, it appears that the Montana license was issued prior to the Colorado revocation. Moreover, there was no evidence as to why Montana had not also revoked the defendant's license, or whether the defendant himself had notice of the revocation. Under these circumstances, the court affirmed the trial court's conclusion that the defendant was driving on a valid license at the time of his arrest. The state also argued that it could nevertheless prosecute on the basis of the Colorado revocation because all three states were members of the Compact. The court concluded that it could not, absent notice to the defendant from Arizona of its determination to suspend his nonresident driving privileges on the basis of the Colorado revocation.

*Johnston* is thus distinguishable on several grounds. First, *Johnston* involved a

---

**2.** Appellant argues that the Arizona suspensions were not the result of a "violation" within the meaning of the Compact, and therefore do not affect the validity of the Idaho license. The purpose of the Compact is to promote compliance with the laws, ordinances, and administrative rules and regulations relating to the operation of motor vehicles. While A.R.S. § 28–446 authorizes the department of transportation to suspend a person's driver's license for failure to appear at a scheduled court appearance, it is an open question whether this is a violation under the Compact. However, § 28–446 also authorizes the department to require a person to attend and successfully complete traffic school when the person has committed enumerated traffic violations. This suspension is within the meaning of violation under the Compact.

**3.** Because of our disposition, we need not address the state's contention that, because appellant lied on his application about the Arizona suspension, the Idaho license was void. *Cf. McDowell v. Davis*, 8 Ariz.App. 33, 442 P.2d 856 (1968) (Arizona license wrongfully obtained is not void but rather subject to cancellation or revocation).

prior revocation rather than a suspension. Second, unlike this case, there was nothing in the record to support a finding that the Montana license was issued in violation of the Compact. Third, in the matter before us, Wilkinson's Arizona license had been suspended and evidence showed that Wilkinson admitted to the arresting officer that his Arizona license had been suspended. *See State v. Williams*, 144 Ariz. 487, 698 P.2d 732 (1985).

## CONCLUSION

We hold that a prosecution under A.R.S. § 28–692.02 is not barred by the Driver License Compact where the defendant knew that his privilege to drive in Arizona has been suspended and where the defendant is driving on a license issued by another jurisdiction in violation of the Compact.

Our review of the entire record reveals no fundamental error. We therefore affirm.

HATHAWAY and HOWARD, JJ., concur.