THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JAMES H. RIDEOUT, Defendant-Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ERIC CHENOWETH, Defendant-Appellee.

Fourth District   Nos. 4—89—0609, 4—89—0610 cons.

Opinion filed February 1, 1990.

Richard L. Broch, State's Attorney, of Tuscola (Kenneth R. Boyle, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Mark T. Petty, of Arcola, for appellees.

JUSTICE SPITZ delivered the opinion of the court:

These now consolidated appeals were instituted by the State from orders of the circuit court of Douglas County dismissing the cases against the respective defendants, James H. Rideout and Eric W. Chenoweth. The basis for the dismissals was the failure of the State to bring the defendants to a jury trial within 120 days of arrest as provided by Supreme Court Rule 505 (113 Ill. 2d R. 505).

Rideout was arrested for driving under the influence of alcohol, illegal transportation of alcohol, and having no rear license plate light, and issued uniform traffic citations for each offense on March 18, 1989. (Ill. Rev. Stat. 1987, ch. 95½, pars. 11—501(a)(2), 11—502(a), 12—201(c).) On the same day, he posted a bond and was released. On April 14, 1989, Rideout filed a written demand for a speedy trial by jury. On April 17, 1989, Rideout's demand was noted at his arraignment, and the cause was set for a pretrial hearing on July 5, 1989, with a jury trial scheduled to commence on July 24, 1989. On July 6, 1989, Rideout filed a motion to dismiss, stating he could not be brought to trial within 120 days of his arrest. The trial court granted the motion on July 11, conditioned upon defendant being brought to trial by July 17, 1989. Rideout was not brought to trial. However, the State filed a motion to reconsider on July 18, 1989, which was argued on July 24, 1989, and denied.

Chenoweth was arrested for driving while under the influence of intoxicating liquor and speeding on March 10, 1989 (Ill. Rev. Stat. 1987, ch. 95½, pars. 11—501(a)(2), 11—601(b)), and was admitted to bail the same day. On April 10, 1989, defendant filed a motion for an immediate and speedy trial by jury. His motion was noted at his ar-

raignment the next day on April 11, 1989. The cause was set for pretrial hearing on July 5, 1989, and a jury trial on July 24, 1989. On July 5, 1989, at the pretrial hearing, Chenoweth announced he was ready for trial. On July 6, 1989, Chenoweth filed a motion to dismiss, claiming he could not be brought to trial within 120 days of his arrest on the proposed trial date. On July 11, 1989, the motion was granted. A motion to reconsider was filed on July 18, 1989. The motion to reconsider was denied on July 24, 1989.

■ Initially, we note the defendants' briefs each challenged the jurisdiction of this court in the "Jurisdiction" section of the appellees' briefs (Supreme Court Rule 341(e)(4) (July 6, 1988), Official Reports Advance Sheet No. 14, 134 Ill. 2d R. 341(c)(4)). The defendants contend the State's notices of appeal are deficient because they recite that the order appealed from was the July 11, 1989, order of dismissal rather than from the orders denying the motions for reconsideration. First, we believe any deficiencies in the notices of appeal are of form, not of substance, and therefore this court is not deprived of jurisdiction thereby. (*Ebert v. Dr. Scholl's Foot Comfort Shops, Inc.* (1985), 137 Ill. App. 3d 550, 484 N.E.2d 1178.) Second, defendants' method of raising the issue of appellate jurisdiction is inappropriate. While the "Jurisdiction" section of an appellee's brief may challenge a statement of jurisdiction in the appellant's brief (107 Ill. 2d R. 341(f)), so doing does not relieve the appellee of the responsibility of discussing the issue and appropriate authority in the "Argument" section of the appellee's brief. (107 Ill. 2d Rules 341(e)(7), (f).) This issue is not discussed in the "Argument" section of either defendant's brief, nor is any authority cited to support the defendants' contention of want of appellate jurisdiction.

On appeal, the State raises two issues. These issues are: (1) whether the trial court erred in dismissing each of these causes because 160 days had *not* elapsed from the date each defendant was arrested and admitted to bond or moved for a speedy trial; and (2) whether the motion to dismiss filed by each defendant tolled the running of the rule requiring trial within 120 days of the date of arrest.

Effective August 1, 1987, Supreme Court Rule 505 was amended to read as follows:

> "When issuing a Uniform Citation and Complaint, a conservation complaint or a Notice to Appear in lieu of either, in counties other than Cook, the officer shall also issue a written notice to the accused in substantially the following form:
> AVOID MULTIPLE COURT APPEARANCES
> If you intend to plead 'not guilty' to this charge, or if, in ad-

dition, you intend to demand a trial by jury, so notify the clerk of the court at least 5 days (excluding Saturdays, Sundays or holidays) before the day set for your appearance. A new appearance date will be set, and arrangements will be made to have the arresting officer present on that new date. Failure to notify the clerk of either your intention to plead 'not guilty' or your intention to demand a jury trial may result in your having to return to court, if you plead 'not guilty' on the date originally set for your court appearance.

Upon timely receipt of notice that the accused intends to plead 'not guilty,' the clerk shall set a new appearance date not less than 7 days nor more than 49 days after the original appearance date set by the arresting officer, and notify all parties of the new date and the time for appearance. If the accused demands a trial by jury, the trial shall be scheduled within 120 days of arrest. The proper prosecuting attorney shall be served with any separate written demand for speedy trial under section 103—5 of the Code of Criminal Procedure of 1963, as amended (Ill. Rev. Stat. 1985, ch. 38, par. 103—5). If the accused fails to notify the clerk as provided above, the arresting officer's failure to appear on the date originally set for appearance may, in counties other than Cook, be considered good cause for a continuance. Any State agency or any unit of local government desiring to be exempt from the requirements of this Rule 505 may apply to the Conference of Chief Circuit Judges for an exemption." (113 Ill. 2d R. 505.)

The State concedes this is the version of the rule which is applicable to the case at bar. (See *People v. Martin* (1989), 185 Ill. App. 3d 547, 542 N.E.2d 27.) Nevertheless, the State argues that, by reason of the language in the rule relating to a written demand for a speedy trial pursuant to section 103—5 of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 103—5) being served on a prosecuting attorney, the trial need not occur until 160 days from the dates each of these defendants was arrested or demanded a speedy trial. The State also contends that section 103—5 of the Code and Rule 505 must be construed together since they deal with the same subject matter. (See *Spring Hill Cemetery of Danville v. Ryan* (1960), 20 Ill. 2d 608, 170 N.E.2d 619.) Section 103—5 states in relevant part:

"(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, by an examination for fitness or-

dered pursuant to Section 104—13 of this Act, by a fitness hearing, by an adjudication of unfitness to stand trial, by a continuance allowed pursuant to Section 114—4 of this Act after a court's determination of the defendant's physical incapacity for trial, or by an interlocutory appeal.

(b) Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant, by an examination for fitness ordered pursuant to Section 104—13 of this Act, by a fitness hearing, by an adjudication of unfitness to stand trial, by a continuance allowed pursuant to Section 114—4 of this Act after a court's determination of the defendant's physical incapacity for trial, or by an interlocutory appeal." Ill. Rev. Stat. 1987, ch. 38, pars. 103—5(a), (b).

■ One of the purposes of Rule 505 (113 Ill. 2d R. 505) is to set an appropriate timetable to provide a right to a speedy trial to defendants charged with traffic and other minor offenses similar to that afforded to criminal defendants by the legislature in section 103—5 of the Code. (See *People v. Lorah* (1986), 142 Ill. App. 3d 163, 491 N.E.2d 793.) The rule is also designed for the convenience of traffic defendants who might reside some distance from the trial court, and to preserve the freshness of evidence and the memory of witnesses for the hearing on the merits. (*People v. Mears* (1980), 84 Ill. App. 3d 265, 405 N.E.2d 443.) Therefore, although Rule 505 may refer to section 103—5, it is clear these two provisions relate to distinctly different situations and need not be construed together in order to ascertain the proper time limit for a speedy trial under Rule 505. Had the supreme court intended for the speedy trial provision of section 103—5 of the Code to apply to traffic cases, the court could have simply so stated.

■ In fact, resort to rules of statutory construction need only be made when a statute or court rule is ambiguous and the intent of the promulgating authority cannot be derived from the plain meaning of the words employed. (*People v. Goins* (1988), 119 Ill. 2d 259, 518 N.E.2d 1014.) If there is an ambiguity in a statute or rule relating to criminal matters, the ambiguity must be resolved in favor of the defendant, although the provision should not be so rigidly construed as to defeat the intent. *People v. Foster* (1983), 99 Ill. 2d 48, 457 N.E.2d 405; *People v. Sass* (1986), 144 Ill. App. 3d 163, 494 N.E.2d 745.

■ We recognize, as the State points out, that Rule 505 has

evolved over time. Prior to the version of the rule applicable to the case at bar, Rule 505 provided, in relevant part: "If the accused demands a trial by jury, the trial shall be scheduled within the time prescribed by section 103—5 of the Code ***." (87 Ill. 2d R. 505) However, the fact the Illinois Supreme Court amended the rule's reference to the time prescribed in section 103—5 of the Code and added the sentence requiring trial within 120 days of the date of arrest (compare 87 Ill. 2d R. 505, to 113 Ill. 2d R. 505) evidences an intent to depart from the time prescription of section 103—5 by providing a more rapid processing of the types of cases to which Rule 505 applies. (See *People v. Youngbey* (1980), 82 Ill. 2d 556, 413 N.E.2d 416.) We also note that Rule 505 was subsequently amended again, effective August 1, 1989, to provide that for a defendant not in custody to invoke the right to a speedy trial, an appropriate separate demand for a speedy trial consistent with section 103—5 "must" be filed. (Supreme Court Rule 505 (June 19, 1989), Official Reports Advance Sheet No. 13, ___ Ill. 2d R. 505.) This subsequent amendment evidences a realization that the version of Rule 505 applicable to the case at bar does not require the filing of such a demand for speedy trial by the instant defendants. See *People v. Youngbey* (1980), 82 Ill. 2d 556, 413 N.E.2d 416.

■ Even without utilizing these rules of statutory construction, the plain language of the version of Rule 505 applicable to the case at bar clearly indicates that when a defendant makes a jury demand, trial must be had within 120 days of the date of arrest. This is mandatory. The use of the word "shall" generally indicates a mandatory meaning and will not be given a permissive meaning when it is used with reference to a person's right or benefit, as here, and the right or benefit depends on the mandatory meaning. (*Newkirk v. Bigard* (1985), 109 Ill. 2d 28, 485 N.E.2d 321.) If the accused files a separate written demand for speedy trial, such demand for speedy trial must be served on the prosecuting attorney, but it is not required that defendant file such a separate written demand. (See *People v. McCarrey* (1984), 122 Ill. App. 3d 61, 460 N.E.2d 781.) Even if defendant does file a separate written demand for speedy trial, that fact does not invoke the time limitation of section 103—5 of the Code in lieu of the 120-day period set forth in Rule 505—even though Rule 505 does not make a distinction between defendants out on bail and defendants in custody, as does section 103—5 of the Code. There is no ambiguity. The proper time period relevant to the consideration of both instant cases is 120 days from the date of arrest for each defendant.

■ The State also contends the filing of the defendants' motions

to dismiss tolled the running of the 120-day period. Any actual delay of the time occasioned by a defendant's acts or by circumstances in which a defendant has agreed or concurred will toll the speedy trial period set forth in section 103—5 of the Code. (*People v. Jones* (1984), 104 Ill. 2d 268, 472 N.E.2d 455; *People v. Perkins* (1980), 90 Ill. App. 3d 975, 414 N.E.2d 110; *People v. DeCarlis* (1980), 88 Ill. App. 3d 634, 410 N.E.2d 677.) However, it has been held that a motion for dismissal for failure to bring a defendant to trial within the speedy trial time limitation is not a delay of the trial which will toll the speedy trial period, but is in fact a motion for discharge. And the fact the trial court does not hear the motion immediately does not establish that the trial was delayed by the defendant. *People v. Moriarity* (1966), 33 Ill. 2d 606, 213 N.E.2d 516; *People v. McKinney* (1978), 59 Ill. App. 3d 536, 375 N.E.2d 854.

Even if the filing of such a motion could create a delay occasioned by defendant, it would be difficult to conceive how the trials in the consolidated cases at bar could actually have been delayed by the filing of the motions to dismiss herein. The motions were not filed until after the causes were set for jury trial to commence at a time beyond the 120-day period. While the issue of delay occasioned by the defendant could have simply been avoided by defendants' motions being filed after the 120-day period had completely run, there is nothing in the record which indicates the trial court could have set these cases for a jury trial at an earlier date or that the State made any effort to move up the trial date after being warned of the impending running of the 120-day speedy-trial period by the filing of defendants' motions.

In the State's brief, the case of *People v. Brown* (1982), 110 Ill. App. 3d 443, 442 N.E.2d 534, is cited for the proposition that a motion to dismiss for want of a speedy trial can toll the running of the speedy-trial period. *Brown*, however, is distinguishable from the case at bar in that in *Brown* the motion to dismiss was ill-founded, there having been a prior stipulation between the parties that the speedy-trial period had tolled. In addition, several motions to continue the hearing on the motion to dismiss for want of a speedy trial were either made by or apparently concurred in by defendant such that the hearing was conducted some 63 days after the motion was filed.

In the case at bar, at the pretrial conference the State had made an oral motion to consolidate Rideout's traffic case with another matter pending against him, Douglas County No. 89—CM—37. Rideout objected to this consolidation, and the motion was to be reduced to writing and heard at 3 p.m. on July 11, 1989. Therefore, when Rideout filed his motion to dismiss on July 6, 1989, that motion, as well

as the July 6, 1989, motion of Chenoweth, was noticed up for 3 p.m. on July 11, 1989. Both trials had previously been set for July 24, 1989, and if defendants were unsuccessful on their motions, the trials would have been conducted on July 24, 1989, pursuant to the order enacted at the arraignment of each defendant in April 1989. Had defendants not filed their motions, the speedy-trial period would have run on July 8 for Chenoweth and July 16 for Rideout. The defendants' motions for discharge having been properly granted, no delay of the trial can be attributed to these defendants by reason of filing the motions to dismiss.

Accordingly, the judgments of the circuit court of Douglas County in these consolidated cases are affirmed.

Affirmed.

KNECHT, P.J., and GREEN, J., concur.