NO. 4-06-0898          Filed 8/22/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| ISAAC C. GRUCHOW, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| JESSE WHITE, Secretary of State, State of Illinois, | ) | No. 06MR61 |
| | ) | |
| Defendant-Appellant. | ) | Honorable |
| | ) | Patrick J. Londrigan, |
| | ) | Judge Presiding. |

_____

JUSTICE KNECHT delivered the opinion of the court:

Defendant, Secretary of State Jesse White (Secretary), appeals the order of the Sangamon County circuit court mandating he issue to plaintiff, Isaac C. Gruchow, a resident of North Carolina, a letter clearing Gruchow's Illinois driving record. On appeal, the Secretary argues section 6-208(b)(4) of the Vehicle Code (Code) (625 ILCS 5/6-208(b)(4) (West 2004)) prohibits him from giving Gruchow, who has four driving-under-the-influence (DUI) convictions, driving privileges for life. We agree and reverse the circuit court's order.

I. BACKGROUND

At one time, Gruchow was a licensed driver in Illinois. In November 1996, Gruchow was arrested in Illinois for DUI. He refused the chemical test and was granted court supervision. In January 1999, Gruchow's Illinois driver's license and driving privileges were revoked after he was convicted of two other DUIs. Gruchow later had two DUI convictions in South Carolina in August 2001 and July 2003.

Gruchow, now a resident of North Carolina, applied to the Secretary for clearance of his Illinois driving record and reinstatement of his driving privileges. Gruchow sought such relief so he might apply for driving privileges in North Carolina. South Carolina issued Gruchow such a letter.

After a hearing on Gruchow's Illinois application, the hearing officer found Gruchow satisfied the requirements for reinstatement and recommended reinstatement of his full driving privileges. The Secretary rejected the recommendation and denied Gruchow's petition. The Secretary noted Gruchow's four DUI convictions and concluded under section 6-208(b)(4) of the Code (625 ILCS 5/6-208(b)(4) (West 2004)), Gruchow was not eligible for reinstatement of Illinois driving privileges during his lifetime.

Gruchow petitioned the circuit court for administrative review of the Secretary's decision. The court concluded the Secretary erred in denying reinstatement of Gruchow's full driv-

ing privileges.  The court found Gruchow satisfied the requirements for reinstatement and ordered the Secretary to issue a clearance letter to Gruchow.

This appeal followed.

## II. ANALYSIS

On appeal, the Secretary contends section 6-208(b)(4) prohibits him from reinstating Gruchow's driving privileges. Gruchow disagrees.  First, Gruchow maintains section 6-704 of the Code (625 ILCS 5/6-704 (West 2004)), part of the Driver License Compact, applies to him, a nonresident seeking reinstatement of driving privileges.  Second, Gruchow contends section 6-208(b)(4) prohibits issuing him a driver's <u>license</u>, but allows reinstatement of <u>driving</u> <u>privileges</u>.

We begin with the governing standard of review, an issue the parties dispute.  The Secretary contends his decision involved a mixed question of law and fact and should be reviewed for clear error.  Gruchow contends the issue on appeal is purely a question of law to be reviewed <u>de</u> <u>novo</u>.

A mixed question requires consideration of whether the administrative agency properly applied the facts to undisputed law.  See <u>AFM Messenger Service, Inc. v. Department of Employment Security</u>, 198 Ill. 2d 380, 391, 763 N.E.2d 272, 279 (2001).  This case, however, does not present a mixed question of law and fact. The issue is not whether the Secretary properly applied the law

- 3 -

to the facts. The issue on appeal is whether the Secretary cor-
rectly interpreted the law, particularly sections 6-704 and 6-
208. Such matters involve statutory construction and are
reviewed <u>de novo</u>. See <u>In re Marriage of Waller</u>, 339 Ill. App. 3d
743, 747, 791 N.E.2d 674, 678 (2003).

Our task in construing a statute is to ascertain the
legislature's intent. <u>Department of Public Aid ex rel. Schmid v.
Williams</u>, 336 Ill. App. 3d 553, 556, 784 N.E.2d 416, 418 (2003).
"[T]he surest indicator" of such intent is the language of the
statute. <u>Williams</u>, 336 Ill. App. 3d at 556, 784 N.E.2d at 418.
In addition to the language of the statute, this court should
consider "the reason for the law, the problems to be remedied,
and the objects and purposes sought." <u>General Motors Corp. v.
State of Illinois Motor Vehicle Review Board</u>, 224 Ill. 2d 1, 13,
862 N.E.2d 209, 219 (2007). If there is reasonable debate as to
the meaning of these statutes, this court will give deference to
the Secretary's interpretation. <u>General Motors</u>, 224 Ill. 2d at
13, 862 N.E.2d at 219 ("The construction of a statute by an
agency charged with its administration will be given deference
where there is a reasonable debate about the meaning of the stat-
ute"). We note the Secretary's interpretation is not binding.
See <u>General Motors</u>, 224 Ill. 2d at 13, 862 N.E.2d at 219.

We begin with the language of the statutes. Section 6-
208(b)(4) states a person convicted of four or more DUIs "may not

- 4 -

make application for a license."  625 ILCS 5/6-208(b)(4) (West 2004).

Gruchow first argues subsection 6-208(b)(4) does not apply to him.  Gruchow maintains because he is a nonresident seeking reinstatement of driving privileges, section 6-704, part of the Driver License Compact, applies.  Gruchow also contends to the extent section 6-208(b) and section 6-704 cannot be reconciled, section 6-704 supersedes and controls.

Section 6-704(2) states the following:

"Applications for new licenses.  Upon application for a license to drive, the licensing authority in a party state shall ascertain whether the applicant has ever held, or is the holder of a license to drive issued by any other party state.  The licensing authority in the state where application is made shall not issue a license to drive to the applicant if:

***

2. The applicant has held such a license, but the same has been revoked by reason, in whole or in part, of a violation and if such revocation has not terminated, except that after the expiration of one year

from the date the license was revoked, such
person may make application for a new license
if permitted by law.  The licensing authority
may refuse to issue a license to any such
applicant if, after investigation, the li-
censing authority determines that it will not
be safe to grant to such person the privilege
of driving a motor vehicle on the public
highways."  625 ILCS 5/6-704(2) (West 2004).

A plain reading of section 6-704 establishes the section does not apply to Gruchow and his application for reinstatement.  Section 6-704 applies to individuals whose out-of-state licenses were revoked and who seek Illinois licenses after those revocations.  Gruchow's Illinois license was revoked.  He seeks from Illinois, the "member state," reinstatement of those Illinois privileges.  The language of section 6-704 does not require the Secretary to consider Gruchow's request for reinstatement.

Gruchow cites no case law to support his interpretation of section 6-704.  Instead, Gruchow relies on a number of cases to establish the supremacy of the Driver License Compact over conflicting state law.  See, e.g., Texas v. New Mexico, 462 U.S. 554, 77 L. Ed. 2d 1, 103 S. Ct. 2558 (1983); People v. Hutson, 178 Ill. App. 3d 836, 533 N.E.2d 1128 (1989); People v. Klaub, 130 Ill. App. 3d 704, 474 N.E.2d 851 (1985); Aveline v. Pennsyl-

- 6 -

<u>vania Board of Probation & Parole</u>, 729 A.2d 1254 (Pa. Commw. 1999). Because section 6-704 does not apply, the case law regarding the supremacy of the Driver License Compact is irrelevant.

Gruchow next argues section 6-208(b) does not prevent a nonresident from seeking reinstatement of driving privileges. Gruchow contends the plain language of section 6-208(b) reveals its lifetime ban applies only to resident applications for driver's <u>licenses</u>. The Secretary maintains the term "license" encompasses both the actual document as well as the privilege to drive.

Section 6-208(b)(4) provides the following:

> "Any person whose license, permit[,] or privilege to drive a motor vehicle on the highways has been revoked shall not be entitled to have such license, permit[,] or privilege renewed or restored. However, such person may, except as provided under subsection (d) of [s]ection 6-205, make application for a license pursuant to [s]ection 6-106 (i) if the revocation was for a cause which has been removed or (ii) as provided in the following subparagraphs:

> * * *

(4) The person may not make application for a license if the person is convicted of committing a fourth or subsequent violation of [s]ection 11-501 of this Code or a similar provision of a local ordinance, [s]ection 11-401 of this Code, [s]ection 9-3 of the Criminal Code of 1961, or a combination of these offenses or similar provisions of local ordinances or similar out-of-state offenses."

625 ILCS 5/6-208(b) (West 2004).

Gruchow focuses on the word "license" and maintains there is a distinction between a physical "license" and "privilege to drive." In support of his argument, Gruchow emphasizes section 6-208's reference to section 6-106, which establishes the prerequisites for obtaining a physical "license." See 625 ILCS 5/6-106 (West 2004). Gruchow also emphasizes the statute's differentiation of a "license," "permit," or "privilege," as establishing the intent to ban only the issuance of a license in subsection 6-208(b)(4) and not the reinstatement of driving privileges for nonresidents. Gruchow also cites provisions of the Illinois Administrative Code concerning out-of-state petitioners

for driving privileges (see 92 Ill. Adm. Code §1001.430(k), as amended by 28 Ill. Reg. 12123, 12168-69 (eff. September 1, 2004); 92 Ill. Adm. Code §1001.485 (Conway Greene CD-ROM June 2003)). These provisions, he contends, treat driving privileges for out-of-state petitioners and licenses for residents separately.

The Secretary maintains section 6-208 applies equally to those who seek a license to drive and those, including non-residents, who seek reinstatement of driving privileges. In support, the Secretary emphasizes the language in section 6-208(b) begins by referring to both a license and the privilege to drive. The Secretary maintains such language shows those with four or more DUI convictions, whether seeking reinstatement of driving privileges or a license, may not drive in Illinois; and this interpretation is consistent with the language and purpose of section 6-208.

The Secretary also maintains the Code states a "driver's license" includes the "privilege of any person to drive a motor vehicle whether or not such person holds a valid license or permit" and "[a]ny nonresident's driving privilege." 625 ILCS 5/1-138(2), (3) (West 2004). According to the Secretary, because the Code defines "license" in this way, section 6-208(b)(4)'s barring one convicted of four or more DUIs from applying for a license also bars one from seeking reinstatement of driving privileges.

- 9 -

As the Secretary contends, the Code's definition of driver's license includes the physical license, as well as driving privileges. See 625 ILCS 5/1-138 (West 2004). Turning to section 6-208(b)(4), we construe it using this defined term. See State Farm Mutual Automobile Insurance Co. v. Universal Underwriters Group, 182 Ill. 2d 240, 244, 695 N.E.2d 848, 850 (1998) ("It is well established that when a statute defines the terms it uses, those terms must be construed according to the definitions contained in the act").

Section 6-208 begins by noting those individuals whose license or driving privilege has been revoked are not entitled to have either renewed. It then states these individuals may apply for a license in certain circumstances. Subsection (b)(4), however, limits the ability of these individuals to make an application for a license to drive if they were convicted of four or more DUIs. Applying the Code's definition of "license," it is clear section 6-208 prohibits reinstating driving privileges to individuals convicted of four or more DUIs. Moreover, we note this construction complies with Illinois's "strong public policy *** to keep repeat drunk drivers off the roads." Girard v. White, 356 Ill. App. 3d 11, 19, 826 N.E.2d 517, 524 (2005) (concluding "Illinois has an interest in preventing individuals with four DUI convictions from obtaining driving privileges").

- 10 -

In addition, the Illinois Administrative Code's definition of "reinstatement" supports our construction of section 6-208. Under Title 92, section 1001.410, "reinstatement" is defined as "the restoration of driving privileges entitling the petitioner to apply for a new driver's license." 92 Ill. Adm. Code §1001.410, as amended by 28 Ill. Reg. 12123, 12157 (eff. September 1, 2004) . According to section 6-208(b)(4), Gruchow, a four-time DUI offender, may not apply for a license in Illinois. He is not and cannot be "entitled" to apply for a new driver's license in our state. Reinstatement, the relief Gruchow seeks, cannot be granted.

Gruchow's reliance on section 6-208's reference to section 6-106 does not convince us otherwise. Gruchow maintains the inclusion of section 6-106, which lists the requirements for obtaining a physical license (see 625 ILCS 5/6-106 (West 2004)), evidences the legislature's intent to limit section 6-208(b)(4) to only those who apply for a physical license. We disagree with Gruchow over the significance of the reference to this section. Given the Code's definition of "license" and the language in section 6-208(b), we find the reference to section 6-106 is only to assure the provisions for licensing are followed and not to limit the use of the term "license" to only the physical license.

The Illinois Administrative Code sections upon which Gruchow relies do not alter the bar of section 6-208(b). Gruchow

- 11 -

relies on two sections of Title 92: sections 1001.430(k) and 1001.485 (92 Ill. Adm. Code §1001.430(k), as amended by 28 Ill. Reg. 12123, 12168 (eff. September 1, 2004); 92 Ill. Adm. Code §1001.485 (Conway Greene CD-ROM June 2003)). Section 1001.430(k) lists provisions for the "reinstatement of the Illinois driving privileges for certain out-of-state petitioners," and limits its application to drivers who were not licensed in Illinois at the time of the revocation. 92 Ill. Adm. Code §1001.430(k)(1)(B), as amended by 28 Ill. Reg. 12123, 12168 (eff. September 1, 2004). Section 1001.485 discusses the procedures and requirements for a reinstatement application based upon the issuance of a driver's license by a state that is a member of the Driver License Compact. 92 Ill. Adm. Code §1001.485 (Conway Greene CD-ROM June 2003).

Neither section applies to Gruchow. Gruchow maintains these sections show the administrative rules distinguish between residents' applications for driver's licenses and nonresidents' applications for reinstatement of driving privileges. While these sections do so, neither section diverges from the Code's definition of "license" or changes section 6-208's lifetime ban.

Our interpretation of section 6-208(b) does not prevent North Carolina from applying its own laws to determine Gruchow's eligibility for a North Carolina license. Our interpretation does not control what North Carolina may decide if Gruchow ap-

- 12 -

plies for a driver's license in that state. It simply means Gruchow, having four DUI convictions, may not have his Illinois driving privileges restored and cannot receive a clearance letter. See 92 Ill. Adm. Code §1040.70 (Conway Greene CD-ROM June 2003) (defining "clearance letter" as "any document received from another state *** verifying that an individual has had his/her driving privileges restored in that state").

### III. CONCLUSION

For the reasons stated, we reverse the circuit court's judgment and reinstate the Secretary's decision.

Reversed; Secretary's decision reinstated.

STEIGMANN, P.J., concurs.

COOK, J., specially concurs.

JUSTICE COOK, specially concurring:

The Driver License Compact, to which Illinois is a party, addresses the effect one state must give to the actions of another state. If one state revokes a driver's license, is the driver thereby prevented from receiving a license in any state until the revocation is cancelled in the first state? At the other extreme, if one state revokes a driver's license, may other states ignore that revocation and issue a license whenever they choose to?

The answer is found in section 6-704(2) of the Code. A lifetime revocation in one state is binding on other states, but only for a period of one year. That is not to say that other states must issue a license after one year has expired. "[A]fter the expiration of one year from the date the license was revoked, such person may make application for a new license if permitted by law." 625 ILCS 5/6-704(2) (West 2004). The words, "if permitted by law," mean if the new license would be permitted under the law of the state where the application is made, not the state where the license was revoked. Girard, 356 Ill. App. 3d at 17, 826 N.E.2d at 523; State v. Vargason, 607 N.W.2d 691, 697 (Iowa 2000). Section 6-704(2) does not require Illinois to issue a license, after the expiration of one year, to a person with four DUI convictions whose out-of-state license was revoked. Girard, 356 Ill. App. 3d at 21, 826 N.E.2d at 525-26 ("Under sections 6-

- 14 -

208(b) and (b)(4), the legislature restricted the Secretary from permitting applications for individuals with four or more DUI convictions").

North Carolina, the licensing authority in the state where application is made, is required to honor Illinois's revocation of Gruchow's license for a period of one year. After that time, the decision whether to issue a license belongs to North Carolina, not to Illinois. Gruchow has no cause of action against the Illinois Secretary of State. A different result may follow if Gruchow's license had only been suspended. North Carolina may be required to honor a period of suspension beyond one year. North Carolina shall not issue a license if "[t]he applicant has held such a license, but the same has been suspended by reason, in whole or in part, of a violation and if such suspension period has not terminated." 625 ILCS 5/6-704(1) (West 2004).