*In re* MARRIAGE OF JUDY J. WERNER, Petitioner-Appellant, and DAVID E. WERNER, Respondent-Appellee.

Fifth District   No. 5—85—0571

Opinion filed June 4, 1986.

Robert L. Douglas and Fred W. Johnson, both of Law Offices of Robert L. Douglas, Ltd., of Robinson, for appellant.

Marilyn B. Resch, of Parker, Siemer, Austin, Resch & Resch, of Effingham, for appellee.

JUSTICE KARNS delivered the opinion of the court:

Petitioner, Judy J. Werner, appeals from a judgment of the circuit court of Effingham County awarding custody of five of the parties' six minor children and child support in the amount of $200 per week to respondent, David E. Werner.

Wife raises two issues on appeal: (1) whether the trial court abused its discretion in the amount of child support awarded husband; and (2) whether the decision of the trial court to award custody of five of the children to respondent is against the manifest weight of the evidence.

Wife contends that the trial court erred in calculating the amount of child support because the court misapplied the terms "federal income tax" and "state income tax" as set forth in section 505(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 505(a), as amended by Pub. Act 83—1404, effective September 12, 1984) and because the court failed to consider the award of custody to her of one child, Todd, in determining the award of child support. The undisputed evidence of the parties' financial positions at the time of dissolution reveals that wife was employed as a nurse with a gross annual income of $29,630. Husband was employed at a printing company with an annual gross income of $24,007. Wife held the same job for a number of years whereas husband held approximately nine different jobs during the course of the 21-year marriage. Seven children ranging from 6 to 18 years of age were born to the parties.

The trial court awarded custody of five of the children to husband and Todd, age 15, was awarded to the custody of wife. An 18-year-old emancipated daughter was awarded to neither party. The order provided that wife pay husband child support of $200 per week calculated as follows:

"Gross Income                                            $29,630.38

| | |
|---|---|
| "Gross Income | $29,630.38 |
| Federal Income Tax | 2,667.34 |
| Social Security Tax | 1,985.24 |
| State Income Tax | 811.95 |
| Dependent Individual Health Insurance | 1,170.00 |
| | $22,995.47 |
| ÷ 52 = | 442.22 |
| x | .45 |
| | $198.99 |

rounded to the nearest hundred is $200."

The order further directed wife to continue to carry the minor children on her insurance plan, pay one-half uncovered medical expenses, pay one-half of the real estate taxes on the marital home awarded to husband until the youngest child attained majority and pay the debt of $6,874 on a van awarded to husband.

Section 505(a) provides that the court should consider the financial resources of the child, the custodial parent and the noncustodial parent, the standard of living enjoyed by the child during the marriage, the physical and emotional condition of the child, and the child's educational needs in awarding child support. (Ill. Rev. Stat. 1983, ch. 40, par. 505(a).) Section 505(a) was recently amended to establish guidelines to be used by the trial court in determining the amount of child support. (Ill. Rev. Stat. 1983, ch. 40, par. 505(a), as amended by Pub. Act 83—1404, effective September 12, 1984.)

"In cases involving child support alone, the Court shall determine the minimum amount of support by using the following guidelines:

| Number of Children | Percent of Income (Net) |
|---|---|
| 1 | 20% |
| 2 | 25% |
| 3 | 32% |
| 4 | 40% |
| 5 | 45% |
| 6 or more | 50% |

\* \* \*

Net income is defined as total gross income minus the following deductions:
(1) Federal Income Tax (use standard tax)
(2) State Income Tax (use standard tax)
(3) Social Security Deductions

\* \* \* "

Ill. Rev. Stat. 1983, ch. 40, par. 505(a), as amended by Pub. Act 83—1404, effective September 12, 1984.

■■ Although the statute empowers the trial court to establish child support awards either above or below the guidelines so long as "the court makes express findings of fact as to the reasons for departure below the guidelines" (Ill. Rev. Stat. 1983, ch. 40, par. 505(a), as amended by Pub. Act 83—404, effective September 12, 1984), both parties agree that the trial court intended to award the minimum amount of child support allowed by the statute. The dispute arises over whether the trial court correctly used the amount of Federal and State taxes withheld from wife's salary, as evinced by the 1984 W-2 form, in determining net income. Wife asserts that the proper method of computing net income is to calculate the amount of Federal and State income tax which the wife would actually pay, as provided by statute, based upon her most recent annual income and assuming that she would claim herself and one child as exemptions.

Section 505(a) was amended recently and, consequently, we have found no decisions dealing with the precise issue at hand. (Ill. Rev. Stat. 1983, ch. 40, par. 505(a), as amended by Pub. Act 83—1404, effective September 12, 1984.) We believe that the method suggested by wife more accurately reflects her financial position than the approach utilized by the trial court in that it takes into consideration the disparity that may exist between the amount of tax withheld, as reflected on a W-2 form, and the tax eventually paid and because it reflects her new filing status upon dissolution of marriage. Husband asserts that, should the court adopt the method propounded by wife, the filing status of head of household (26 U.S.C. sec. 2 (Supp. II 1984)), should be utilized in calculating net income because it places wife in a lower tax bracket than would filing under a single person status. Therefore, defining wife as the head of a household, her net income, for purposes of calculating child support (Ill. Rev. Stat. 1983, ch. 40, par. 505(a), as amended by Pub. Act 83—1404, effective September 12, 1984), is computed as follows:

| | |
|---|---:|
| Gross Income | $29,630.38 |
| Two Exemptions | -2,000.00 |
| | $27,630.38 |
| Gross Income | $29,630.38 |
| Federal Income Tax | -4,961.00 |
| Social Security Tax | -1,985.24 |
| State Income Tax | - 690.76 |

|                  |              |
|------------------|--------------|
| Health Insurance | -1,170.00    |
| Net Income       | $20,823.38   |

■ According to the statute, the minimum amount of child support wife is required to pay for the support of five children is calculated as follows:

|            |            |
|------------|------------|
| Net Income | $20,823.38 |
|            | ÷ 52 = 400.45 |
|            | x   .45    |
| Weekly Child Support | $180.20 |

We must now address wife's contention that the amount of child support should be offset to the extent that husband is required to contribute to the support of Todd. It is wife's position that husband's net income should be computed as above and that 20% of his net income, representing the minimum statutory award for support of one child (Ill. Rev. Stat. 1983, ch. 40, par. 505(a), as amended by Pub. Act 83—1404, effective September 12, 1984), should be deducted from the amount of child support wife is required to pay. According to the statute, the minimum amount of child support a parent is required to pay for the support of one child, using husband's net income, is calculated as follows:

|                     |              |
|---------------------|--------------|
| Gross Income        | $24,007.07   |
| Six Exemptions      | -6,000.00    |
|                     | $18,007.07   |
| Gross Income        | $24,007.07   |
| Federal Income Tax  | -2,499.00    |
| Social Security Tax | -1,608.48    |
| State Income Tax    | -  450.18    |
| Net Income          | $19,449.41   |
|                     | ÷ 52 = 374.03 |
|                     | x   .20      |
| Weekly Child Support | $74.81      |

The amount of child support husband is required to pay would then be deducted from wife's weekly payments as follows:

|                     |          |
|---------------------|----------|
| Wife's Payments     | $180.20  |
| Husband's Payments  | -74.81   |
| Total Amount of Weekly Child Support Payable by Wife | $105.39 |

The above sums would be accurate when the amount of contribution of child support is computed according to the precise wording of the statute. However, the formula does not seem to contemplate a situa-

tion where both parents are substantial wage earners and the custody of the children is divided in some manner between the husband and wife. Under these circumstances, we feel that the proper disposition is to remand the matter to the trial court considering that in any custodial determination the statute requires the court to consider the needs of both parents. We would also note that in the instant case the trial court imposed additional substantial financial burdens upon the wife.

■■ ■ The second issue is whether the custody award of five of the parties' minor children to husband is against the manifest weight of the evidence. Of paramount concern in child custody proceedings is the best interest of the child. (Ill. Rev. Stat. 1983, ch. 40, par. 602(a); *In re Marriage of Stuart* (1986), 141 Ill. App. 3d 314, 317-18, 490 N.E.2d 243, 246.) It is not necessary for the trial court to find one parent unfit in order to justify an award to another. (141 Ill. App. 3d 314, 318, 490 N.E.2d 243, 246.) Because the trial court is in a superior position to observe the witnesses and evaluate the evidence, the court is given broad discretion in awarding custody and its determination will not be overruled unless contrary to the manifest weight of the evidence. 141 Ill. App. 3d 314, 318, 490 N.E.2d 243, 246.

The trial court made the following findings in support of its award of custody of five of the children to husband: both parties demonstrated love for the children; wife refused to allow other family members in the laundry room, dining room or living room; wife allowed children to wear soiled clothing; wife refused to allow other family members to use the vacuum cleaner or dishwasher, yet she allowed dirty dishes to accumulate in the kitchen and her personal property to accumulate in the living room; wife refused to allow others to dispose of garbage until sifted and examined by her personally; wife dictated the daily clothing for the children and kept clean clothes locked in basement; wife locked food in freezer; wife kept jewelry belonging to children and refused to give it to them for their use; wife provided repetitive menu for children; wife abused diet pills and accused oldest daughter of obesity to the point that the daughter became bulimic; wife provided only one towel and washcloth per week for use of other family members; wife engaged in relationship with a physician involving correspondence, phone calls, clandestine meetings and attendance at his church which conduct is the subject of comment in the community of which some of the children were aware of and suffered embarrassment; wife cancelled mental health counseling session for children to help them deal with the effects of dissolution; wife demanded full control over finances, yet failed to pay bills or prepare tax returns;

wife threatened eldest daughter with pan of hot water and threatened to deny college funds; wife allowed minor son to drive car illegally; wife refused to participate in children's social and academic affairs; and, at trial, wife was either highly animated to the extent that she was constantly interrupting her counsel or so lethargic that she appeared to fall asleep intermittently. The court also interviewed the children and found that two of the children wished to have the court determine their custody, two wished to live with their mother but could not express any reasons for this preference, one clearly had a strong preference to live with his mother for stated reasons and the youngest was found incompetent to state a preference.

■ It is wife's position that the findings of the trial court with regard to her behavior are irrelevant to a determination of custody because they have no adverse effect on her relationship with her children (see Ill. Rev. Stat. 1983, ch. 40, par. 602(b)) and that the court ignored relevant testimony which reasonably accounted for her actions. Section 602(a)(3) of the Illinois Marriage and Dissolution of Marriage Act provides that the court should consider the interaction and interrelationship of the child with his or her parents and siblings in determining custody. (Ill. Rev. Stat. 1983, ch. 40, par. 602(a)(3).) The findings of the trial court are relevant to a determination of the quality of wife's relationship with her children. As husband points out, the findings of the court demonstrate an unwillingness on wife's part to allow the children to assume responsibility. Additionally, in awarding custody of Todd to wife, the only child who expressed a definite and explainable preference to live with his mother, the court clearly considered the relationship of this child with his parents and his relationship with his siblings in that the court found that Todd's interests were distinctly different from his siblings. Wife places a great emphasis on the court's consideration of her relationship with a physician in support of her contention that the trial court considered factors not adversely affecting her relationship with the children. Wife denied any sexual involvement with the physician and contends that the trial court should not have relied upon mere speculation and rumors. However, the court did not find that the relationship was necessarily a sexual one. The court could properly consider wife's behavior with regard to this relationship, whether sexual or not, as bearing on her relationship with her children. Lastly, the wishes of the children as to their custody is a factor to be considered (Ill. Rev. Stat. 1983, ch. 40, par. 602(a)(1)); however, those wishes are not determinative and should be given substantive weight only when they are based on sound reasoning. (*In re Marriage of McCune* (1980), 86 Ill. App. 3d

311, 319, 408 N.E.2d 319, 324.) The trial court acted properly in awarding wife custody of Todd who expressed a preference based upon sound reasoning. A strong presumption exists in favor of the trial court's determination of custody (*In re Marriage of Stuart* (1986), 141 Ill. App. 3d 314, 318, 490 N.E.2d 243, 246), and we conclude that the custody award in the present cause is not against the manifest weight of the evidence.

For the reasons stated above, the judgment of the circuit court of Effingham County with regard to the custody award is affirmed and the judgment with regard to the amount of child support is reversed and remanded.

Affirmed in part; reversed and remanded in part.

JONES and HARRISON, JJ., concur.