In re MARRIAGE OF GEORGE PYLAWKA, Petitioner-Appellee, and SANDRA PYLAWKA, Respondent-Appellant.

Second District   No. 2—95—0725

Opinion filed February 5, 1996.

Joyce A. O'Neill, of Shriver & O'Neill, of Rockford, for appellant.

William I. Caldwell, Jr., of Caldwell, Berner & Caldwell, of Woodstock, for appellee.

JUSTICE THOMAS delivered the opinion of the court:

The respondent, Sandra Pylawka, filed a petition to increase the child support obligation of the petitioner, George Pylawka, to an amount equal to 25% of his net income. The trial court denied the petition, finding that Sandra failed to show that a substantial change in circumstances had occurred, which is necessary to modify a child support order. Sandra appeals, contending that the trial court erred in: (1) finding that a substantial change in circumstances had not occurred or, in the alternative, that a showing of a substantial change in circumstances was necessary under the facts presented; (2) calculating George's net income when it excluded a sizeable tax refund from consideration; (3) considering certain evidence that was not subject to cross-examination and in failing to admit evidence about flood damage to her residence; and (4) failing to order George to pay her attorney fees.

The record shows that the parties were married on September 26, 1975, and divorced on January 9, 1992. The judgment of dissolution incorporated by reference a settlement agreement reached by the parties. Pursuant to that agreement, Sandra was awarded custody of the parties' two teenage daughters. She was also awarded the marital residence, where she currently resides. The judgment provided that George pay child support of $1,200 per month and maintenance of $2,500 per month. It further provided that George's maintenance payments were to be deductible for income tax purposes.

At the time of the divorce, Sandra suffered from an asthmatic condition and was unemployed. At the time of the hearing on her petition to increase child support, she was still suffering from asthma and unemployed. Her total income of $3,700 per month coming from child support and maintenance payments remained constant. Her affidavits of expenses indicated that her household expenses had increased from $5,407 in 1991 to $6,635 in 1994. She identified medical insurance of $466 per month and car insurance for one of her daughters as two major areas of increase.

George was employed as a pilot for United Airlines at the time of the divorce and is currently employed there. George has remarried

and currently lives with his spouse and her two children. In 1991, his gross income was $145,314, while his net income was approximately $96,000. The trial court calculated George's gross income in 1994 as $157,565 and his net income as $95,576. According to George's tax returns, he was entitled to a State and Federal tax refund of only $2,152 for the 1991 tax year, but for the 1994 tax year, he was entitled to a refund of $24,005. George owned an apartment building at the time of the divorce which he continues to own. In 1991, he claimed a passive activity loss of $1,562 on the apartment building, while in 1994, he claimed a passive activity loss of $11,218 on the building. The trial court did not include George's $24,005 refund in calculating his net income for 1994. In that regard, the court stated that George's tax refund was due primarily to his ability to deduct the maintenance payments he made to Sandra.

On appeal, Sandra initially contends that a substantial change in circumstances occurred and that the court erred in not considering George's tax refund as part of his net income.

■ Section 510(a) of the Illinois Marriage and Dissolution of Marriage Act (the Act) provides that a child support judgment can be modified only upon a showing of "substantial change" in circumstances. (750 ILCS 5/510(a) (West 1994).) To satisfy this burden, the petitioning party must show that the supporting spouse has an increased ability to pay and the child receiving support has increased needs. (*In re Marriage of Boyden* (1987), 164 Ill. App. 3d 385, 387.) An increase in the child's needs can be presumed on the basis that the child has grown older and the cost of living has risen. (*People ex rel. Stokely v. Goodenow* (1991), 221 Ill. App. 3d 802, 805.) After the threshold question of whether a substantial change in circumstances has occurred is answered, then and only then may the court determine the amount of the increase in child support. *In re Marriage of Heil* (1992), 233 Ill. App. 3d 888, 890.

■ When considering whether to modify child support payments, trial courts may consider the statutory guidelines set forth in section 505 of the Act (750 ILCS 5/505 (West 1994)). (*In re Marriage of Riegel* (1993), 242 Ill. App. 3d 496, 499.) One of the guidelines states that when two children are involved, the supporting party should pay at least 25% of his net income for support, unless the court finds a reason to deviate from the guidelines. (*In re Marriage of Riegel*, 242 Ill. App. 3d at 499.) If a court orders a lower award than provided for by the guidelines, the court must consider all the relevant factors set forth in section 505(a)(2) (750 ILCS 5/505(a)(2) (West 1994)). (*In re Paternity of Perry* (1994), 260 Ill. App. 3d 374, 378.) If the court deviates from the guidelines, it shall make express findings as to its rea-

son for doing so. 750 ILCS 5/505(a)(2) (West 1992); *In re Paternity of Perry*, 260 Ill. App. 3d at 378.

Initially, we note that the proper calculation of net income and the issue of whether a substantial change in circumstances has occurred are two distinct questions. For the reasons that follow, we find that a tax refund attributable to maintenance payments made to the former spouse before the court is to be considered part of "net income" under the Act. However, we agree with the trial court that a tax refund attributable entirely to such maintenance would not constitute a substantial change in circumstances.

■ In the instant case, the trial court found that George's' net income in 1994 had not increased from 1991. In so finding, the court correctly refused to deduct passive activity investment loss from George's net income. (See *In re Marriage of Partney* (1991), 212 Ill. App. 3d 586, 590-91.) However, the court also refused to add to its net income calculation the $24,005 tax refund that George received in 1994. The refund was apparently due in part to George's ability to deduct $11,218 in 1994 as a loss on the apartment building, which was an increase from the $1,562 he was able to deduct in 1991 for the same building. George admitted that the increased deduction was due to a change in the tax code. The trial court did not differentiate between the amount of the refund attributable to the apartment building and the amount attributable to the maintenance. The court simply found that the refund was primarily due to George's ability to deduct maintenance.

The court rationalized its approach by stating that to include that amount in its calculation of "net income" would be "double dipping." We disagree.

Section 505(a)(3) of the Act defines "net income" as the total of all income from all sources, minus the following deductions: Federal and State income tax (*properly calculated withholding* or estimated payments), social security (FICA) payments, mandatory retirement contributions, union dues, dependent and individual health care insurance premiums, prior support or maintenance obligations, debt repayments reasonable and necessary to produce income, medical expenses necessary to preserve life or health, and other reasonable expenditures for the benefit of the child and other parent, exclusive of gifts. (750 ILCS 5/505(a)(3) (West 1994); *In re Marriage of Carpel* (1992), 232 Ill. App. 3d 806, 816.) It is the statutory definition that is to be used to determine net income and not the Internal Revenue Code. (See *In re Marriage of Partney*, 212 Ill. App. 3d at 592-93.) The proper method of computing net income is to calculate the amount of Federal and State income tax which a person actually pays by taking

into consideration the disparity that may exist between the amount of tax withheld, as reflected on a W-2 form, and the tax eventually paid. (*In re Marriage of Werner* (1986), 144 Ill. App. 3d 263, 266.) Thus, if the noncustodial parent overwithholds on his W-2, thereby overpaying his Federal income tax, the amount should be added back to his net income for purposes of determining his support obligation under section 505(a) of the Act. *In re Marriage of Freesen* (1995), 275 Ill. App. 3d 97, 103.

Here, the trial court erred in determining George's net income. Under the court's approach, a parent owing a support obligation could manipulate net income by simply overwithholding. Instead, we agree with the courts in *Werner* and *Freesen* that a tax refund should be included to determine net income. Thus, George's actual net income in this case was at least $24,000 more than the amount calculated by the trial court and approximately $22,000 more than his net income in 1991. We agree with George and the trial court that an increase in George's net income due to his ability to deduct maintenance payments does not constitute a substantial change in circumstances. However, it is also clear that the court did not determine the amount of the refund attributable to the apartment loss and whether any increase from 1991 would constitute a substantial change in circumstances.

We also note that the trial court failed to consider as net income $6,960 that was deducted from George's paychecks in 1994 for apparently voluntary 401(k) contributions. We note that only "[m]andatory retirement contributions required by law or as a condition of employment" are to be deducted from a parent's gross income. (750 ILCS 5/505(a)(3)(d) (West 1994).) On remand, the court should also consider whether George's 401(k) contribution meets the statutory requirement for a deduction from gross income.

■ Next, Sandra argues that the trial court erred in considering the maintenance awarded to Sandra in connection with the amount of child support to be awarded. In support of her position, she relies on *In re Marriage of Baptist* (1992), 232 Ill. App. 3d 906.

Sandra's reliance on *In re Marriage of Baptist* is misplaced. There, the court simply held that monthly maintenance payments involving the marriage before the court are not a "prior maintenance obligation" and, therefore, they are not deductible from a parent's net income. (*In re Marriage of Baptist*, 232 Ill. App. 3d at 913-14.) Sandra cites no authority on point for her contention that a court may not deviate from the guidelines based on a finding that the parties initially agreed to deviate from the guidelines for tax purposes by providing for a larger maintenance obligation than normal in

exchange for a smaller support obligation. We find no reason why this would not be an appropriate consideration.

■ Sandra next argues that the trial court erred in considering the testimony of attorney Robert Badesch which George presented in an offer of proof. Badesch was George's attorney at the time of the judgment of dissolution. He testified that the parties reached the agreement with respect to maintenance and support for tax purposes and that this justified the support obligation lower than the minimum guideline set by statute. Sandra objected to the offer of proof, claiming that it was improper parol evidence of the parties' agreement. On appeal, Sandra reiterates her parol evidence argument and additionally contends that the court improperly considered this evidence because she did not have an opportunity to cross-examine the witness.

We find that Sandra has waived the issue. (See *People v. Dzambazovic* (1978), 61 Ill. App. 3d 703, 713.) A party waives an objection where a ruling is not requested after the trial court fails to make one. The record shows that she never requested a ruling on her objection before proceeding with the hearing. Nor did she request an opportunity to cross-examine the witness, which would have been within the discretion of the court to grant. (See M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 103.7, at 24 (6th ed. 1994) (cross-examination of offered evidence may be permitted in the discretion of the court).) We also note that the parol evidence rule is not applicable here. Under the parol evidence rule, oral testimony to vary the terms of a written document is not acceptable unless an ambiguity in the terms exist. (*Egidi v. Town of Libertyville* (1993), 251 Ill. App. 3d 224, 231.) Here, the issue is not the interpretation of a contract or whether its terms will be enforced. Moreover, the evidence was not offered to alter the terms of the contract but merely to explain the circumstances surrounding it. This does not involve the application of the parol evidence rule. Furthermore, there is no definite indication that the trial court relied on this evidence, since it could have reached the same conclusion by inferring from the document itself that the parties provided the respective amounts of maintenance and support for tax reasons.

■ Sandra further argues that the trial court erred in excluding Sandra's photographic evidence of flood damage to her home which predated her petition for an increase in support. We agree that the court erred in failing to allow the evidence since it was relevant to the issue in the case in that it showed damage that occurred after the judgment of dissolution. However, we find that the error was harmless since the expense to repair the property was listed in Sandra's affidavit of monthly expenses.

■ Finally, Sandra contends that the trial court erred in not ordering George to pay her attorney fees.

The propriety of an award of attorney fees is dependent upon a showing by the party seeking them of an inability to pay and a demonstration of the other spouse to do so. (*In re Marriage of McCaskey* (1988), 167 Ill. App. 3d 860, 866.) There is no prohibition against awarding attorney fees to an unsuccessful litigant, although the good faith of the litigants is to be considered. (*In re Marriage of McCaskey*, 167 Ill. App. 3d at 866.) A trial court's decision regarding an award of attorney fees is within its sound discretion and will not be overturned on review absent an abuse of that discretion. *In re Marriage of Jaster* (1991), 222 Ill. App. 3d 122, 128-29.

Here, the trial court refused to award Sandra attorney fees. The court should reconsider the propriety of an award of attorney fees on remand in view of the fact that the cause is remanded to determine: the amount of the tax refund attributable to the apartment building; whether such amount constituted a substantial change in circumstances; and whether the 401(k) contribution should be considered part of net income.

For the foregoing reasons, we reverse the judgment of the circuit court of McHenry County and remand the cause for further proceedings consistent with this opinion.

Reversed and remanded.

INGLIS and BOWMAN, JJ., concur.