NO. 4-01-1009

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE DEPARTMENT OF PUBLIC AID ex rel. ) Appeal from

LISA MARIE SCHMID, ) Circuit Court of 

Petitioner-Appellee,     ) McLean County

v.                        ) No. 95D691 

TERRY E. WILLIAMS,                  )

Respondent-Appellant.     ) Honorable 

) Scott A. Drazewski,

) Judge Presiding.

JUSTICE APPLETON delivered the opinion of the court:

The Illinois Department of Public Aid (Department) filed a motion on behalf of petitioner, Lisa Marie Schmid, to increase the amount of child support that respondent, Terry E. Williams, was required to pay, on the ground that his income had increased.  The trial court granted the motion, and respondent appeals, arguing that the court misconstrued section 505(a)(3)(a) of the Illinois Marriage and Dissolution of Marriage Act (Dissolu­tion Act) (750 ILCS 5/505(a)(3)(a) (West 2000)) and, as a consequence, miscalculated his net income.  We affirm the judgment.   

I. BACKGROUND

Petitioner and respondent were married in 1993 and have two children:  Anthony, born on June 1, 1992, and Jesse, born on March 31, 1994.  On February 18, 1998, the trial court entered a judgment dissolving the marriage, ordered respondent to pay child support in the amount of $295 twice a month, and allowed him to claim one of the children as an exemption in his federal income tax returns.

On June 15, 2000, the Department filed the petition for modification.  The parties agreed there had been a substantial change in circumstances to justify increasing the child support.  They stipulated that respondent was employed by the Illinois Department of Corrections and his gross income was $1,949 every two weeks, minus deductions of $144 under the Federal Insurance Contributions Act (FICA), $58 in state income tax, $68.25 for health insurance, and $23 for union dues.  After the dissolution of his marriage with petitioner, respondent filed his federal income tax return as a single individual (see 26 C.F.R. 
§
31.3402(l)-1(a) (2002)) with two withholding exemptions (himself and the child) (see 26 C.F.R. 
§
§
31.3402(f)(1)-1(b), (d) (2002)).  Respondent remarried, and two children were born from the new marriage.  He began filing his federal income tax return as a joint return by a married couple (see 26 C.F.R. 
§§
31.3402(l)-1(a), 31.3402(m)-1(f) (2002)) with five withholding exemptions (himself, his spouse, one of the children from his previous marriage, and the two children from his current marriage) (see 26 C.F.R. 
§
§
31.3402(f)(1)-1(b), (c), (d) (2002)).

The greater the number of withholding exemptions respondent claimed, the lower the amount of income tax that would be withheld from his paycheck.  See 26 U.S.C. 
§
3402(a) (1994); 26 C.F.R. 
§
31.3401(e)-1(a) (2002).  If he filed his return as a single individual with two exemptions, $306 would be withheld, whereas if he filed jointly with five exemptions, only $144 would be withheld.  Under section 505(a)(3)(a) of the Dissolution Act, the amount of federal income tax withheld affected the amount of his net income--which, in turn, affected the amount of child support he had to pay under the guidelines in section 505(a)(1).  "Net income" is defined as the total income from all sources, minus "[f]ederal income tax (properly calculated withholding or estimated payments)" (750 ILCS 5/505(a)(3)(a) (West 2000)) and other specified deductions (750 ILCS 5/505(a)(3)(b) through (a)(3)(h) (West 2000)).  For two children, the amount of child support was a minimum of 25% of the obligor parent's net income.  See 750 ILCS 5/505(a)(1) (West 2000).  The fewer the exemptions respondent claimed, the less the amount of child support he had to pay, because the greater withholding made his net income smaller.

Even though he is now filing a joint return with five withholding exemptions, respondent argues the trial court should have calculated his net income as if he were still filing as a single individual with two withholding exemptions.  He argues that for purposes of calculating his net income, the legislature intended his filing status to remain the same as it was 
on the date of the dissolution of his marriage.

If respondent files as a single individual with two withholding exemptions, he must pay $337.44 in child support two times a month.  If he files a joint return with five withholding exemptions, he must pay $373.44 in child support two times a month.  The trial court held that because respondent actually was, at the present time, filing his return as a married person with five withholding exemptions, the latter figure was the correct amount of child support.  This appeal followed.

II. ANALYSIS

In this appeal, respondent asks us to construe section 505(a)(3)(a) of the Dissolution Act.  We construe statutes 
de
 
novo
.  
In re Marriage of Beyer
, 324 Ill. App. 3d 305, 309, 753 N.E.2d 1032, 1036 (2001).  When construing a statute, our goal is to ascertain the legislature’s intent, and the surest indicator of legislative intent is the language in the statute.  
Beyer
, 324 Ill. App. 3d at 309, 753 N.E.2d at 1036.  "Under the guise of construction, a court may not supply omissions, remedy defects, annex new provisions, substitute different provisions, add exceptions, limitations, or conditions, or otherwise *** depart from the plain meaning of [the statutory] language."  
Beyer
, 324 Ill. App. 3d at 309-10, 753 N.E.2d at 1036.

Section 505(a)(3)(a), on its face, says nothing of withholding exemptions.  Rather, it speaks of "properly calculated withholding"--signifying a dollar amount, which, if "properly calculated," could change over time.  It would be unreasonable to conclude that just because, on a given date, $144 in federal income tax was withheld from the obligor parent’s paycheck, $144 is the amount of the deduction that the parent shall thereafter receive, under section 505(a)(3)(a), for the rest of the period during which he or she must pay child support, regardless of changes in the actual amount of federal income tax withheld.  Ignoring the changes in withholding would make the concept of net income meaningless because it would have no relationship to reality.  The same reasoning holds true for the other deductions listed in section 505(a)(3)(a), such as the expense for medical insurance.  

"The proper method of computing net income is to calculate the amount of [f]ederal and [s]tate income tax [that] a person 
actually
 pays ***."  (Emphasis added.)  
In re Marriage of Pylawka
, 277 Ill. App. 3d 728, 732, 661 N.E.2d 505, 509 (1996).  The Dissolution Act is "geared toward[] a 
present
 ability to pay support."  (Emphasis added.)  
Coons v. Wilder
, 93 Ill. App. 3d 127, 134, 416 N.E.2d 785, 792 (1981).  Section 510(a)(1) of the Dissolution Act (750 ILCS 5/510(a)(1) (West 2000)) allows a court to modify an order for child support "upon a showing of a substantial change in circumstances."  "One such change may be increased net income of the person providing support."  
Villanueva v. O’Gara
, 282 Ill. App. 3d 147, 149, 668 N.E.2d 589, 591 (1996).  Net income will increase as allowable deductions decrease.  See 750 ILCS 5/505(a)(3) (West 2000).  To consider an obligor parent’s withholding exemptions to be fixed in time, without regard to his or her actual number of withholding exemptions, would defeat the purpose of section 510(a)(1), because the trial court could not modify the order of child support in response to a change in the parent's actual net income.  

Respondent complains that interpreting "properly calculated withholding" as meaning the amount of federal income tax actually withheld at the present time would create unjust results.  For example, "every time an obligor parent has another child, he or she would be hit with a child support increase."  Section 505(a)(2) allows the trial court to depart from the guidelines in section 505(a)(1) if "the court makes a finding that application of the guidelines would be inappropriate."  750 ILCS 5/505(a)(2) (West 2000).  The obverse may also be true.  If an obligor suffered an increase in his or her income tax liability due to remarriage to a wealthy spouse with whom a joint income tax return is filed, the amount of net income upon which support is based would decrease, justifying, at least theoretically, a decrease in support.  Of course, in either event, the trial court may deviate from the guidelines in appropriate circumstances.  750 ILCS­ 5/505(a)(2) (West 2000).

Respondent also argues that the trial court’s interpretation of section 505(a)(3)(a) would burden the judicial system with petitions for modification every time the number of exemptions changes in the obligor parent’s federal income tax return.  To warrant a modification in an order for child support, the "change in circumstances" must be "substantial."  750 ILCS 5/510(a)(1) (West 2000).  The legislature obviously considered it a worthwhile expenditure of a court’s time to make the amount of child support commensurate with the parent’s actual ability to pay.

III. CONCLUSION

For the foregoing reasons, we affirm the trial court’s judgment.

Affirmed.

TURNER and STEIGMANN, JJ., concur.