**FIRST DIVISION**
February 11, 2008

1-07-0483

No. 1-07-0483

| | | |
|---|---|---|
| GRAHAM F. THOMPSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 05 CH 01592 |
| | ) | |
| THE RETIREMENT BOARD OF THE POLICEMEN'S | ) | |
| ANNUITY AND BENEFIT FUND OF THE CITY OF | ) | |
| CHICAGO, TIMOTHY J. BROPHY, Recording | ) | |
| Secretary; JOHN J. GALLAGER, Acting | ) | |
| Executive Director, | ) | The Honorable |
| | ) | Thomas P. Quinn, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE GARCIA delivered the opinion of the court.

The plaintiff in this case, Graham Thompson, filed a petition for administrative review, seeking review of an annuity determination by the Retirement Board of the Policemen's Annuity and Benefit Fund of the City of Chicago (Retirement Board). Thompson alleges the Retirement Board erred by denying him benefits pursuant to section 5-129.1(a) of the Illinois Pension Code (Pension Code) (40 ILCS 5/5-129.1(a) (West 2006)) and said denial resulted in Thompson's benefits being diminished and impaired. The trial court denied Thompson's petition for review, finding the Retirement Board did not apply section 5-129.1(a)

1-07-0483

because that section was not applicable to Thompson and, thus, no diminishment or impairment occurred. For the reasons that follow, we affirm.

BACKGROUND

Some history on the imposition of a mandatory retirement age to Chicago police officers is in order. Prior to 1983, the mandatory retirement age for Chicago police officers was 63. In 1983, the Age Discrimination in Employment Act of 1967 (ADEA) (29 U.S.C. §621 (1982)) was applied to state law enforcement officials (Equal Employment Opportunity Comm'n v. Wyoming, 460 U.S. 226, 75 L. Ed. 2d 18, 103 S. Ct. 1054 (1983)). See Miller v. Retirement Board of Policemen's Annuity & Benefit Fund of the City of Chicago, 329 Ill. App. 3d 589, 592 (2001). As a result, the mandatory retirement age for Chicago police officers rose to 70 years of age, the maximum age to which ADEA protection applied at that time. See Minch v. City of Chicago, 363 F.3d 615, 618 (7th Cir. 2004); Miller, 329 Ill. App. 3d at 592. In 1986, the United States Congress amended the ADEA to allow state and local governments to reinstitute a mandatory retirement age (1986 federal legislation). 29 U.S.C. §623(j) (Supp. 1991); see Miller, 329 Ill. App. 3d at 592. In response, in 1988 Chicago reinstituted a mandatory retirement age of 63 years for police officers. Miller, 329 Ill. App. 3d at 592. Pursuant to a sunset

**2**

1-07-0483

provision in the 1986 federal legislation, the exemption permitting the reinstatement of a mandatory retirement at the age of 63 expired in 1993. See <u>Minch</u>, 363 F.3d at 619; Age Discrimination in Employment Amendments of 1986, Pub. L. No. 99-592, §3(b), 100 Stat. 3342, 3342 (October 31, 1986). As a result, the City of Chicago was compelled to drop the mandatory retirement age of 63, imposed on police officers. <u>Minch</u>, 363 F.3d at 619. In 1996, Congress reinstated the exemption provision regarding a mandatory retirement age, with no sunset clause, and made it retroactive to the expiration of the 1986 federal legislation. See <u>Minch</u>, 363 F.3d at 619. On May 17, 2000, the Chicago city council adopted a mandatory retirement ordinance reinstating the mandatory retirement age of 63 years for its uniformed police officers, effective December 31, 2000. See <u>Minch</u>, 363 F.3d at 620-21.

In June 1995, Graham Thompson began his career as a patrol officer at the age of approximately 53½ years.

The Policemen's Annuity and Benefit Fund of the City of Chicago is created by the Pension Code (40 ILCS 5/5-101 <u>et seq.</u> (West 2002)) and provides benefits to retired Chicago police officers. See <u>Miller v. Retirement Board of Policemen's Annuity & Benefit Fund</u>, 329 Ill. App. 3d 589, 592, 771 N.E.2d 431 (2002). The Retirement Board is responsible for the administration of the

**3**

1-07-0483

fund. <u>Miller</u>, 329 Ill. App. 3d at 592.

Generally, an annuity for Chicago police officers is determined through an application of the Pension Code to the number of years an individual has been a Chicago police officer. Section 5-128 of the Pension Code (40 ILCS 5/5-128 (West 2006)) provides:

> "When a future entrant withdraws from service, his age and service annuity shall be fixed as of the date of withdrawal.  The annuity shall be that provided from the entire sum to his credit for age and service annuity on the date he withdraws from service."

For those officers that became subject to mandatory retirement under the Chicago ordinance passed on May 17, 2000, section 5-129.1(a) of the Pension Code may determine the calculation of their annuity:

> "In lieu of any annuity provided in the other provisions of this Article, a policeman who is required to withdraw from service on or after January 1, 2000 due to attainment of mandatory retirement age and has at least 10 but less than 20 years of service credit may elect to receive an annuity equal to 30% of

**4**

> average salary for the first 10 years of
> service plus 2% of average salary for each
> completed year of service or fraction thereof
> in excess of 10, but not to exceed a maximum
> of 48% of average salary."  40 ILCS 5/5-129.1(a)
> (West 2006).

As his sixty-third birthday approached, Thompson asked the Retirement Board to consider calculating his annuity pursuant to section 5-129.1(a) because when he was hired, neither the mandatory retirement age nor section 5-129.1(a) existed.  The Retirement Board did not apply section 5-129.1(a) to the calculation of Thompson's annuity because he would not have at least 10 years of service credit when he was forced to retire.

Thompson turned 63 years old on November 3, 2004.  He retired on that date.  At the time of his retirement, Thompson had been a Chicago police officer for nine years and just shy of five months.

On December 6, 2004, Thompson filed a petition for administrative review (No. 04 CH 20183) in the circuit court of Cook County.  The petition alleged the Retirement Board failed to apply the correct section of the Pension Code, specifically, section 5-129.1, when it calculated Thompson's annuity.  The petition also requested the transcript of the meeting in which

Thompson's annuity was determined.

On January 26, 2005, Thompson filed a second petition for administrative review (No. 05 CH 01592) in the circuit court of Cook County. This petition requested the Retirement Board prepare and file the complete transcript regarding its decisions of December 23, 2004. This petition also alleged the Retirement Board failed to correctly apply section 5-129.1 of the Pension Code to Thompson and failed to correctly calculate his annuity. The two petitions were assigned to the same judge and moved forward as one matter.

On November 21, 2006, Thompson filed a memorandum in support of his petition for administrative review. The memorandum alleged the Retirement Board failed to correctly calculate his annuity, thereby denying him benefits guaranteed by section 5-129.1 of the Pension Code. Thompson alleged because he was "forced" into retirement with less than 10 years as a police officer, he should receive a special exemption and be granted the same benefits as an officer who had achieved the 10-year benchmark.

In the alternative, Thompson requested that if the circuit court affirmed the Retirement Board's decision, the Retirement Board be ordered to define and set out the calculations it used to arrive at the annuity Thompson was awarded. Thompson believed

that as his service as a Chicago police officer was approximately 94% of the 10-year benchmark, he should have been awarded an annuity that was 94% of what he would have received had he reached the 10-year benchmark. Thompson's calculation of that amount did not match the annuity calculated by the Retirement Board.

In a January 22, 2007, order, the trial court found section 5-129.1(a) of the Pension Code did not apply to Thompson because he had not attained at least 10 years of service credit before his retirement. Consequently, the court found the Retirement Board correctly applied section 5-128 of the Pension Code to Thompson, as a police officer who retired with less than 10 years of service credit. The court ordered the Retirement Board to produce documentation to Thompson describing how his annuity was calculated.

A timely appeal was filed.

ANALYSIS

Thompson alleges the Retirement Board erred in denying him retirement benefits pursuant to section 5-129.1(a) of the Pension Code because benefits should not be diminished or impaired and, without elaborating, asserts section 5-129.1(a) as amended diminished and impaired the benefits he would have otherwise received.

**7**

## I.  Standard of Review

We begin with the governing standard of review, an issue the parties dispute.  Thompson asks this court to review the circuit court's denial of his petition for administrative review for an abuse of discretion.  The Retirement Board initially contends the determination of Thompson's benefits involves a mixed question of law and fact and should be reviewed for clear error.

"When deciding an appeal from a judgment in an administrative review proceeding, the appellate court reviews the administrative agency's decision, not the trial court's decision."  Roszak v. Kankakee Firefighters' Pension Board, 376 Ill. App. 3d 130, 138, 875 N.E.2d 1280 (2007).  A mixed question of law and fact requires an examination of whether the administrative agency properly applied facts to undisputed law and is reviewed for clear error.  City of Belvidere v. Illinois State Labor Relations Board, 181 Ill. 2d 191, 205, 692 N.E.2d 295 (1998).

However, this case does not present a mixed question of law and fact.  The parties agree as to the relevant facts: Thompson was a Chicago police officer for less than 10 years and is entitled to an annuity.  The parties also agree the Pension Code governs the calculation of Thompson's annuity.

Because the facts are not disputed and the Retirement Board

**8**

is charged with interpreting the Pension Code, the issue on appeal is whether the Retirement Board correctly interpreted the relevant law, that is, whether section 5-128 or 5-129.1(a) of the Pension Code controlled the outcome.  Because that determination depends on statutory construction, we apply a de novo standard of review, as the Retirement Board asserts in the alternative. Gruchow v. White, 375 Ill. App. 3d 480, 482, 874 N.E.2d 921 (2007).

## II. Application of Section 5-129.1(a)

"The primary object of statutory construction is to give effect to the true intention of the legislature." Holland v. City of Chicago, 289 Ill. App. 3d 682, 685-86, 682 N.E.2d 323 (1997).  "Legislative intent is best determined from the language of the statute itself, which if unambiguous, should be enforced as written." General Motors Corp. v. State of Illinois Motor Vehicle Review Board, 224 Ill. 2d 1, 13, 862 N.E.2d 209 (2007). "A statue is ambiguous if it is subject to two or more reasonable interpretations." General Motors Corp., 224 Ill. 2d at 13.  If there is a reasonable debate as to the meaning of the statute, this court will give deference to the Retirement Board's interpretation, though its interpretation is not binding.  See General Motors Corp., 224 Ill. 2d at 13 ("the construction of a statute by an agency charged with its administration will be

**9**

given deference where there is a reasonable debate about the meaning of the statute").  "The language of the statue should be examined as a whole, with each section considered in relation to one another."  Metropolitan Water Reclamation District of Greater Chicago v. Civil Service Board of the Metropolitan Water Reclamation District of Greater Chicago, 358 Ill. App. 3d 347, 353, 832 N.E.2d 835 (2005).

Section 5-129.1(a) of the Pension Code applies to police officers who reach the mandatory retirement age and have "at least 10 but less than 20 years of service credit."  We find no ambiguity in the minimum service needed to trigger the application of the section.  Though Thompson reached the mandatory retirement age, he did not have "at least 10" years of service credit at the time of his retirement.  Because Thompson had less than 10 years of service credit upon retirement, the Retirement Board did not apply section 5-129.1(a) in determining Thompson's annuity.  The Retirement Board calculated Thompson's annuity pursuant to section 5-128 of the Pension Code.

We agree, as Thompson contends, that the Pension Code should be liberally construed.  See Johnson v. Retirement Board of the Policemen's Annuity and Benefit Fund, 114 Ill. 2d 518, 521, 502 N.E.2d 718 (1986) (where construction of a pension statute is necessary, "the rule is that pension acts must be liberally

construed in favor of the rights of the pensioner").  However, the general rule favoring liberal construction does not permit this court to depart from the plain meaning of the statute itself.  See Holland, 289 Ill. App. 3d at 690 (the court is not permitted "under the guise of statutory construction, to substitute different provisions or otherwise depart from the plain meaning of the words employed").

There is no ambiguity in the language of section 5-129.1(a) and thus no basis to construe the statute in the fashion Thompson desires.  Section 5-129.1(a) applies to officers with at least 10 years of service credit at retirement.  Thompson's service credit of nine years and five months is less than the required minimum.  The Retirement Board correctly did not apply section 5-129.1(a) to Thompson when it calculated his annuity.

In the alternative, Thompson asked the Retirement Board to prorate his annuity utilizing the 30% figure from section 5-129.1(a) and calculate his annuity based on how close to 10 years of service he was at retirement.  However, there is no percentage calculation in section 5-128.  Section 5-128 requires that benefits "shall" be calculated based on the officer's "credit for age and service" on the date he retires.  There is no support for the formula Thompson seeks to apply based on the percentage set out in section 5-129.1(a) as to officers with less than 10 years

1-07-0483

of service credit.  Section 5-128 does not reference section 5-129.1(a);  neither section provides a distinct formula to apply to calculate the benefits for officers with less than 10 years of service credit.

There is no authority for Thompson's contention that section 5-129.1(a) has application in calculating his annuity benefits.

### III. Diminishment or Impaired Benefits

Next, Thompson alleges section 5-129.1(a) of the Pension Code as amended diminished and impaired his benefits.  We find not merit in this argument.  In fact, the intent behind section 5-129.1(a) is just the opposite.  The 2002 enactment of section 5-129.1(a) (40 ILCS 5/5-129.1(a) (West 2002)), and its 2004 amendment, would have enhanced Thompson's benefits, had he reached 10 years of service as a Chicago police officer.

Section 5 of article XIII of the Illinois Constitution provides that "[m]embership in any pension or retirement system of the State, *** shall be an enforceable contractual relationship, the benefits of which shall not be diminished or impaired."  Ill. Const. 1970, art. XIII, §5.  Pension rights vest when a person enters the pension system or when the Illinois Constitution of 1970 became effective in 1971, whichever is later.  Hannigan v. Hoffmeister, 240 Ill. App. 3d 1065, 1073, 608 N.E.2d 396 (1992).  "The plain language of the pension protection

**12**

clause makes participation in a public pension plan an enforceable contractual relationship" and demands the benefits of that relationship not be diminished or impaired. People ex rel. Sklodowski v. Illinois, 182 Ill. 2d 220, 228-29, 695 N.E.2d 374 (1998). However, there is no prohibition regarding enhancements. Hannigan, 240 Ill. App. 3d at 1073.

Thompson entered and became vested in the pension system in 1995 when section 5-128 of the Pension Code provided the sole basis for the calculation of his annuity benefits. The addition of section 5-129.1(a) to the Pension Code in 2002, and its amendment in 2004, would only serve to enhance Thompson's annuity should he reach at least 10 years of service credit. Thompson's nine years and five months of service did not entitle him to the enhancement of benefits available to those officers that retire with at least 10 years of service credit.

Section 5-129.1(a) of the Pension Code as amended did not diminish or impair Thompson's benefits.

CONCLUSION

The Retirement Board correctly applied section 5-128 of the Pension Code in calculating Thompson's retirement annuity. The decision of the circuit court is therefore affirmed.

Affirmed.

CAHILL, P.J., and WOLFSON, J., concur.